1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7    SCOTT T.,                                Case No.  19-cv-06875-DMR

              Plaintiff,
8

9         v.                                  **ORDER ON CROSS MOTIONS FOR
                                              SUMMARY JUDGMENT**
10   ANDREW SAUL,
                                              Re: Dkt. Nos. 20, 23
              Defendant.
11

12         Plaintiff Scott T. moves for summary judgment to reverse the Commissioner of the Social

13   Security Administration's (the "Commissioner's") partially unfavorable final administrative

14   decision, which denied Plaintiff's application for benefits under Title II of the Social Security Act,

15   42 U.S.C. § 401 *et seq*.  [Docket Nos. 20 ("Pltf. Mot."), 24 ("Reply").]  The Commissioner cross-

16   moves to affirm.  [Docket No. 23 ("Def. Mot.").]  For the reasons stated below, the court denies

17   Plaintiff's motion and grants the Commissioner's cross-motion.

18   **I.     PROCEDURAL HISTORY**

19         Plaintiff filed applications for Social Security Disability Insurance ("SSDI") and

20   Supplemental Security Income ("SSI") benefits on June 10, 2013, which were initially denied on

21   December 20, 2013 and again on reconsideration on March 17, 2014.  Administrative Record

22   ("A.R.") 117-40, 143-164, 354-56, 357-62. After a hearing, an Administrative Law Judge ("ALJ")

23   issued an unfavorable decision dated September 16, 2015.  A.R. 165-82.  The Appeals Council

24   reviewed the decision and remanded the matter for further proceedings.  A.R. 183-86.  A second

25   ALJ held another hearing on December 19, 2017 and issued a partially favorable decision on August

26   23, 2018.  A.R. 13-41.  Specifically, the ALJ awarded SSI benefits beginning May 31, 2018 but

27   denied Plaintiff's application for SSDI benefits.  A.R. 13-41.

28         The ALJ determined that Plaintiff has had the following severe impairments since

United States District Court
Northern District of California

1    November 11, 2011: osteoarthritis of left ankle, status post-total hip arthroplasty, multi-level lumbar

2    spondylosis with left L5 radiculopathy, and chronic pain syndrome.  A.R. 21.  The ALJ found that

3    since the onset date, Plaintiff retains the following residual functional capacity (RFC):

> [T]o perform light work as defined in 20 CFR 404.1567(b) and
> 416.967(b) where the individual is able to frequently lift and carry 10
> pounds, and occasionally lift and carry 20 pounds; sit for up to 6 hours
> (2 hours at a time), and stand and walk 4 hours in an 8-hour workday
> with normal breaks.  The individual has the following additional
> limitations: should never climb ladders, ropes or scaffolds; able to
> occasionally climb ramps and stairs; and can occasionally stoop,
> kneel, balance, crouch and crawl.

A.R. 23.  Relying on the opinion of a vocational expert ("V.E.") who testified that an individual

with such an RFC could perform other jobs existing in the economy, including working as an office

helper, hand packer, or small products assembler, the ALJ concluded that Plaintiff was not disabled

prior to May 31, 2018.  A.R. 19. However, on May 31, 2018, Plaintiff became disabled due to his

advanced age.  A.R. 29, 31.

The Appeals Council denied Plaintiff's request for review on September 5, 2019.  A.R. 1-6.

Plaintiff sought review in this court pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the

Commissioner denying a claimant disability benefits.  "This court may set aside the Commissioner's

denial of disability insurance benefits when the ALJ's findings are based on legal error or are not

supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097

(9th Cir. 1999) (citations omitted).  Substantial evidence is evidence within the record that could

lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*,

402 U.S. 389, 401 (1971).  It is more than a mere scintilla, but less than a preponderance. *See Saelee*

*v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (internal citation omitted).  When performing this

analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating

a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th

Cir. 2006) (citation and quotation marks omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its

United States District Court
Northern District of California

1    judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112

2    F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's

3    decision for harmless error, which exists when it is clear from the record that the ALJ's error was

4    inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035,

5    1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

6          The court has read and considered the entire record. For the purposes of brevity, the court

7    cites only the facts that are relevant to its decision.

8    **III.    DISCUSSION**

9          Plaintiff argues that the ALJ erred in evaluating the opinion of Plaintiff's treating surgeon,

10    Dr. Semon Bader and the opinion of Plaintiff's treating physician, Dr. Smriti Shrestha.

11          **A.    Legal Standard for Weighing Medical Opinions**

12          Courts employ a hierarchy of deference to medical opinions based on the relation of the

13    doctor to the patient. Namely, courts distinguish between three types of physicians: those who treat

14    the claimant ("treating physicians") and two categories of "nontreating physicians," those who

15    examine but do not treat the claimant ("examining physicians") and those who neither examine nor

16    treat the claimant ("non-examining physicians"). *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

17    1995). A treating physician's opinion is entitled to more weight than an examining physician's

18    opinion, and an examining physician's opinion is entitled to more weight than a non-examining

19    physician's opinion. *Id*.

20          The Social Security Act tasks the ALJ with determining credibility of medical testimony and

21    resolving conflicting evidence and ambiguities. *Reddick*, 157 F.3d at 722. A treating physician's

22    opinion, while entitled to more weight, is not necessarily conclusive. *Magallanes v. Bowen*, 881

23    F.2d 747, 751 (9th Cir. 1989) (citation omitted). To reject the opinion of an uncontradicted treating

24    physician, an ALJ must provide "clear and convincing reasons." *Lester*, 81 F.3d at 830; *see, e.g.*,

25    *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (affirming rejection of examining

26    psychologist's functional assessment which conflicted with his own written report and test results);

27    *see also* 20 C.F.R. § 416.927(d)(2); SSR 96-2p, 1996 WL 374188 (July 2, 1996). If another doctor

28    contradicts a treating physician, the ALJ must provide "specific and legitimate reasons" supported

United States District Court
Northern District of California

by substantial evidence to discount the treating physician's opinion.  *Lester*, 81 F.3d at 830.  The ALJ meets this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Reddick*, 157 F.3d at 725 (citation omitted).  "[B]road and vague" reasons do not suffice.  *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).  This same standard applies to the rejection of an examining physician's opinion as well.  *Lester*, 81 F.3d at 830-31.  A non-examining physician's opinion alone cannot constitute substantial evidence to reject the opinion of an examining or treating physician, *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984), though a non-examining physician's opinion may be persuasive when supported by other factors.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (noting that opinion by "non-examining medical expert . . . may constitute substantial evidence when it is consistent with other independent evidence in the record"); *Magallanes*, 881 F.2d at 751-55 (upholding rejection of treating physician's opinion given contradictory laboratory test results, reports from examining physicians, and testimony from claimant).  An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record."  *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).  An opinion that is more consistent with the record as a whole generally carries more persuasiveness.  *See* 20 C.F.R. § 416.927(c)(4).

### B.    Analysis

#### 1.    Semon Bader, M.D.

Dr. Bader performed surgery on Plaintiff's left ankle on November 26, 2012 and met with Plaintiff for follow-up examinations several times after the surgery.  A.R. 641.  About two weeks post-op, Plaintiff appeared well and performed range of motion exercises without pain.  A.R. 642.  On January 13, 2013, Plaintiff reported no post-op problems and stated that his pain was controlled with analgesics.  A.R. 642.  His motor function was grossly normal and his ankle was fully weight-bearing.  A.R. 642-43.  On April 24, 2013, Plaintiff told Dr. Bader that he was feeling better but his ankle was still sore.  A.R. 643.  Dr. Bader noted that Plaintiff's motion was non-irritable and that he could move his toes without pain.  A.R. 643.  Plaintiff's motion function was 5/5.  A.R. 643.  Dr. Bader followed up with Plaintiff again on August 22, 2013.  A.R. 1109.  During that meeting,

United States District Court
Northern District of California

4

1    Plaintiff reported pain in his left ankle joint and foot.  A.R. 1109.  He also stated that he sometimes

2    feels tingling on the top of his foot.  A.R. 1109.  On examination, Plaintiff appeared well, although

3    the range of motion in his left ankle was diminished and he had some tenderness along the joint line.

4    A.R. 1109-10.  Plaintiff also experienced some decreased sensation and tingling, which Dr. Bader

5    noted could be peroneal nerve irritation or possibly a neuroma.  A.R. 1110.  X-rays showed

6    degenerative changes in Plaintiff's left ankle with spur formation and decreased joint space.  A.R.

7    1110. Plaintiff requested an analgesic injection for the pain.  A.R. 1110.  Plaintiff received more X-

8    rays on February 4, 2014, which showed no acute change in Plaintiff's left ankle or any indications

9    for removal of the hardware.  A.R. 1112.

10        On April 13, 2014, Dr. Bader completed a medical assessment of Plaintiff's work-related

11   abilities.  A.R. 1193-95.  He wrote that Plaintiff can lift and/or carry 30 pounds.  A.R. 1193.

12   However, he left blank the lines that asked how frequently Plaintiff can lift/carry that amount as

13   well as the section that asked what medical findings support that assessment.  A.R. 1193.  Dr. Bader

14   also stated that Plaintiff could stand 2-4 hours per day, 1 hour at a time.  A.R. 1193.  According to

15   Dr. Bader, Plaintiff's ability to sit is not impaired because Plaintiff's degenerative joint disease is in

16   his hips and ankles.  A.R. 1194.  He indicated that Plaintiff can only occasionally climb, balance,

17   stoop, crouch, kneel, and crawl because of arthritis in his hips and knee.  A.R. 1194.  Dr. Bader

18   stated that Plaintiff's manipulative functions were not impaired.  A.R. 1194.  Finally, Dr. Bader

19   opined that Plaintiff's experience of pain and functional limitations would interfere with his ability

20   to complete work-related tasks approximately 20% of the day.  A.R. 1195.

21        The ALJ accorded Dr. Bader's opinion partial weight.  A.R. 27.  He determined that Dr.

22   Bader's assessed limitations for standing/walking and postural activities were supported by the

23   longitudinal record, including "evidence of some ongoing orthopedic pain and sensory complaints

24   following ankle and hip surgery."  A.R. 27.  Noting that Dr. Bader did not indicate how frequently

25   Plaintiff could lift and/or carry 30 pounds, the ALJ assessed more restrictive limitations consistent

26   with light work—namely, that Plaintiff can lift/carry 20 pounds occasionally and 10 pounds

27   frequently.  A.R. 23.  He also assessed more restrictive sitting limitations, finding that Plaintiff can

28   only sit for up to 6 hours in an 8-hour workday.  A.R. 23.  However, he rejected Dr. Bader's opinion

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1    that Plaintiff's pain and functional limitations would interfere with his ability to complete work-

2    related tasks 20% of the day.  A.R. 27.  He wrote:

3            The objective medical record rather fails to document significant objective
             evidence to indicate the claimant would be significantly limited in
4            completing tasks.  Treatment records do not mention particular observed
             mental or behavior abnormalities or significant medication side effect
5            complains to treating medical providers.

6    A.R. 27.  Because Dr. Bader's opinion is contradicted by other medical opinions in the record that

7    do not contain a similar restriction, the ALJ was required to give specific and legitimate reasons to

8    reject that portion of the opinion.  *Lester*, 81 F.3d at 830.

9            Plaintiff argues that the ALJ erred in rejecting Dr. Bader's opinion about the extent to which

10   Plaintiff's pain and function limitations would interfere with his ability to complete work tasks.  Pltf.

11   Mot. at 6.  He asserts that the ALJ incorrectly assumed that medication side effects and mental

12   abnormalities were the only reasons why Plaintiff would be off-task for a significant portion of the

13   workday, even though Dr. Bader's opinion clearly states that Plaintiff is restricted by his pain and

14   functional limitations instead.  *Id.*  According to Plaintiff, the medical record amply demonstrates

15   that Plaintiff experiences a significant amount of pain after sustained activities which would

16   manifest in the form of unscheduled rest breaks.  *Id.* At 8.  Thus, Plaintiff argues, the ALJ did not

17   articulate a specific and legitimate reason to reject Dr. Bader's opinion about interference with

18   Plaintiff's ability to work.  Further, Plaintiff contends that the error is not harmless because the VE

19   testified that an individual who would be off-task even 10% of the workday could not perform the

20   jobs identified by the ALJ.  A.R. 104.

21           Plaintiff's arguments are unconvincing.  Importantly, the ALJ found that Plaintiff's self-

22   reported pain symptoms were not entirely credible.  A.R. 26-27.  Plaintiff does not challenge that

23   ruling on appeal.  Accordingly, medical opinions may be disregarded to the extent that they rely on

24   Plaintiff's subjective pain complaints.  *Tonapetyan*, 242 F.3d at 1149 (finding that the ALJ was "free

25   to disregard" a physician's opinion about subjective complaints when the record supported an

26   adverse credibility finding).  Even if, as Plaintiff argues, the ALJ erred in focusing on medication

27   side effects and mental abnormalities rather than pain, such error is harmless because Dr. Bader's

28

6

United States District Court
Northern District of California

1    opinion about Plaintiff's pain limitations is undermined by the unchallenged adverse credibility

2    finding against Plaintiff.   *Tommasetti*, 533 F.3d at 1038 (an error is harmless when it is

3    inconsequential to the ultimate nondisability determination).

4         Plaintiff's authority on this point is not persuasive. *See* Reply at 4.  Both cases he cites are

5    unpublished memoranda dispositions with limited analysis.   *See Ogin v. Colvin*, 608 Fed.

6    App'x 519 (9th Cir. 2015); *Om v. Colvin*, 545 Fed. App'x 665 (9th Cir. 2013).  *Ogin* is also

7    inapposite because in that case, the Ninth Circuit determined that the ALJ improperly discounted a

8    medical opinion when the doctor "expressly took into account" the factors underlying the adverse

9    credibility finding.  *See* 608 Fed. App'x at 520.  Here, by contrast, there is no indication that Dr.

10   Bader considered any of the factors cited by the ALJ in making his credibility finding.  In *Om*, the

11   Ninth Circuit found that the ALJ erred in assessing the claimant's credibility and so the ALJ also

12   improperly rejected medical opinions that were based on the claimant's statements.   545 Fed.

13   App'x at 667.  Here, by contrast, the court does not find that the ALJ's credibility finding was

14   erroneous since Plaintiff did not raise that issue.

15        Since the ALJ made a partially adverse credibility determination, which is not challenged

16   here, the ALJ properly rejected an opinion based on Plaintiff's subjective complaints.

17                    **2.    Smriti Shrestha, M.D.**

18        Dr. Smriti Shrestha is one of Plaintiff's treating physicians. Dr. Shrestha completed a

19   medical assessment of Plaintiff's work-related limitations on April 30, 2015.  A.R. 1276-78.  Dr.

20   Shrestha opined that Plaintiff can lift or carry 40-50 pounds from "very little" to up to one third of

21   an 8 hour workday.  A.R. 1276.  Dr. Shrestha also stated that Plaintiff could only stand or walk 1-2

22   hours in an 8-hour day, 14 minutes at a time, due to his lower back pain and numbness/burning in

23   his left ankle and foot.  A.R. 1276.  Dr. Shrestha wrote that Plaintiff's ability to sit was not affected

24   by impairment, but then also opined that Plaintiff could only sit for 3 hours total, 30 minutes at a

25   time.  A.R. 1277.  Dr. Shrestha stated that Plaintiff can frequently balance; occasionally climb,

26   stoop, and crouch; and rarely kneel or crawl.  A.R. 1277.  Dr. Shrestha opined that Plaintiff could

27   frequently reach, handle, feel, see, hear, and speak, but only occasionally push/pull due to his lower

28   back pain.  A.R. 1277.  According to Dr. Shrestha, Plaintiff's experience of pain and functional

United States District Court
Northern District of California

1    limitations, combined with the side effects of his pain medication, would interfere with his ability

2    to complete work-related tasks more than 30% of the day.  A.R. 1278.

3          The ALJ assigned partial weight to Dr. Shrestha's opinion.  He found that Dr. Shrestha's

4    "general limitation on reduced standing, walking, and postural activities is consistent with the

5    claimant's history of hip and ankle surgeries and treatment notes documenting ongoing pain and

6    sensation complaints and varied gait, range of motion, and provocative signs."  A.R. 28.  However,

7    the ALJ went on to find that "the evidence does not support such restrictive limitations on sitting

8    and manipulative and other activities," citing a list of medical records.  A.R. 28.  Accordingly, the

9    ALJ assigned higher weight to the opinions of the Social Security medical consultants.  A.R. 28.

10   Since Dr. Shrestha's opinion about Plaintiff's limitations is contradicted by other opinions in the

11   record, including the opinions of the Social Security medical consultants, the ALJ had to provide

12   specific and legitimate reasons to discount it.

13         Plaintiff argues that the ALJ erred in weighing Dr. Shrestha's opinion.  He asserts that the

14   ALJ rejected Dr. Shrestha's standing/walking limitation of 1-2 hours per day without articulating

15   any reason at all.  Pltf. Mot. at 11.  Instead, he argues, the ALJ assessed an RFC that includes

16   standing/walking up to 4 hours per day without explaining why he rejected Dr. Shrestha's more

17   limited restrictions.  *Id.*  Similarly, Plaintiff argues that the ALJ rejected Dr. Shrestha's assessed

18   limitations as to sitting and "other activities" with a blanket statement that such limitations are not

19   supported by the evidence and a serial list of cites to the medical evidence.  *Id.* at 12.

20         The court finds that the ALJ did not err in rejecting Dr. Shrestha's assessed limitations.

21   Plaintiff focuses on the narrow part of the ALJ's decision that specifically discusses Dr. Shrestha's

22   opinion, but the ALJ elsewhere reviewed the medical record at some length to find that the evidence

23   does not support a more restrictive RFC.  A.R. 24-26.  For example, the ALJ cited records

24   documenting mild pain, normal gait, normal muscle tone, normal sensation, and 5/5 strength.  A.R.

25   24-25.  In discussing other medical opinions, the ALJ wrote that the medical record shows

26   "generally normal strength, sensation, and reflexes, and no assistive device."  A.R. 27.  The ALJ

27   also determined that "[p]rogress notes and self-reports indicate the claimant was improving," and

28   there is no indication that Plaintiff continued to use a cane or other assistive device.  A.R. 28.

United States District Court
Northern District of California

1   Although the ALJ did not repeat his reasoning with respect to Dr. Shrestha's opinion specifically,

2   the decision as a whole provides a detailed analysis of the medical record and Plaintiff's limitations,

3   including his standing/walking limitations.

4           Further, the reasons offered by the ALJ are specific and legitimate.  The record contains

5   numerous examinations with benign findings, including mild or controlled pain, normal muscle

6   strength and tone, normal motor function, normal or mildly antalgic gait, intact sensation, minimal

7   tenderness, and only mild degenerative changes.  A.R. 573, 577, 594, 601, 604, 614, 642, 643, 651,

8   1055, 1064, 1070, 1332, 1334, 1627, 1663, 1742, 1754, 1822.  The record also supports the ALJ's

9   finding that Plaintiff experienced significant improvement with physical therapy.  A.R. 1906, 1911,

10  1916, 1926.  Although Plaintiff objects that some of these records predate his disability onset date,

11  the findings are fairly consistent throughout the entire medical record.  While Plaintiff is correct that

12  some portions of the record document more serious pain reports, these are not sufficient to find error

13  with the ALJ's evaluation since the ALJ found that Plaintiff's pain reports are not entirely credible,

14  a finding that Plaintiff did not challenge on appeal.  Finally, for the reasons stated above with respect

15  to Dr. Bader's similar opinion, the ALJ did not err in rejecting Dr. Shrestha's opinion that Plaintiff

16  would experience significant pain limitations more than 30% of the workday.

17          Accordingly, the record as a whole supports the ALJ's assessment of Plaintiff's limitations

18  and the ALJ did not err in rejecting Dr. Shrestha's opinion on that point.

19  **IV.    CONCLUSION**

20          For the reasons stated above, the court denies Plaintiff's motion for summary judgment and

21  grants the Commissioner's cross-motion.  The Clerk shall enter judgment for the Commissioner and

22  against Plaintiff and close this case.

23

24

25          **IT IS SO ORDERED.**

26  Dated: March 29, 2021

27

28



Judge Donna M. Ryu
United States Magistrate Judge